# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH JACKSON, | ) |
|     Petitioner, | ) ) |
| v. | )   Case No. CV408-029 |
| FRED BURNETTE, Warden, | ) ) |
|     Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a Georgia state prisoner currently incarcerated at Telfair State Prison, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The respondent has filed a motion to dismiss the petition as being untimely filed. (Doc. 10.) For the reasons that follow, respondent's motion should be **GRANTED**, and the petition should be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2003, petitioner was indicted by a Chatham County grand jury for murder, felony murder, aggravated assault, two counts of possession of a firearm during the commission of a crime, and theft by

receiving a motor vehicle. (Doc. 11, Resp. Ex. 6 at 97-100.) On August 7, 2003, a jury found petitioner guilty of aggravated assault and not guilty of the remaining charges. (Id. at 1276-77.) He was sentenced to twenty years' imprisonment. (Id. at 1277.) The Georgia Court of Appeals affirmed petitioner's conviction and sentence on July 11, 2005. Jackson v. State, 617 S.E.2d 249 (Ga. App. 2005). Petitioner does not allege that he moved for reconsideration with the Georgia Court of Appeals nor does he allege that he applied for certiorari to the Georgia Supreme Court. (Doc. 1; Doc. 10, Brief at 4.)

Petitioner filed a writ of habeas corpus in the Superior Court of Chattooga County on April 7, 2006. (Doc. 11, Resp. Ex. 2 at 1.) The petition was denied on March 13, 2007. (Doc. 11, Resp. Ex. 3 at 1.) Petitioner does not allege that he filed a certificate of probable cause to appeal the habeas court's decision to the Georgia Supreme Court. (Doc. 1.) He filed his habeas petition with this Court on February 14, 2008.

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which

2

established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on July 21, 2005, when the ten-day period for seeking review in the Supreme Court of Georgia expired. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). Petitioner then let 260 days elapse before filing his state habeas corpus petition on April 7, 2006. (Doc. 11, Resp. Ex. 2 at 1.); 28 U.S.C. §§ 2244(d)(1)(A), 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (noting that the time during which petitioner seeks post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period). The state habeas court denied relief on March 13, 2006. (Doc. 11, Resp. Ex. 3 at 1.) As it appears that petitioner did not file for an application for a certificate of probable cause to appeal that decision, petitioner's state habeas case ended on April 12, 2007, when the thirty-day period in which that application could have been

3

filed pursuant to O.C.G.A. § 9-14-52 expired. Petitioner filed his federal habeas petition on February 14, 2008, 308 days later. (Doc. 1.) That 308 days, coupled with the 260 days that ran before he filed his state habeas petition, totals 568 days, which far exceeds the one–year limitations period established by 28 U.S.C. § 2244(d). Accordingly, his petition is untimely and should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  7th  day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**